JOHN YOOS, Respondent, *v.* THE CITY OF ROCHESTER, Appellant.

*Nuisance — existing when a tenant goes into possession — measure of damages.*

92 481
159a 541
92h 481
f54ad432
f54ad434
92h 481
f172 NY³ 13

Upon the trial of an action to recover the damages resulting from a nuisance created by the discharge of sewage into a creek which flowed through certain premises leased by plaintiff, it appeared that the plaintiff, when he leased the premises, knew of the pollution of the stream; that the stream had been polluted for many years, had been declared a public nuisance by the courts, and that the city could not abate it until it had completed the construction of a trunk sewer, which was not finished until three years later.

The agent of the landlord testified that he had informed the plaintiff of the condition of the creek; that the owner had filed a claim against the city for damages, and that he, the agent, had leased the premises to the plaintiff for one-half their normal rental value because of the polluted stream.

Upon the trial of the action the court charged the jury that, unless there was an express agreement between the landlord and the tenant that the landlord was to retain the right to sue for damages, the tenant would be entitled to recover all damages caused by the pollution of the stream, and that the measure of damages was the difference in value of the plaintiff's use of the property with the nuisance and without it.

*Held,* that such charge was improper;

That the plaintiff was entitled to recover no damages unless the nuisance was increased in some way during his tenancy;

That it must be presumed that, when the plaintiff leased the premises, he took into consideration the effect which the nuisance would have upon the use and enjoyment of them;

That if the landlord received less rent because of the nuisance, the loss fell upon him, and not upon the plaintiff.

APPEAL by the defendant, The City of Rochester, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 8th day of February, 1895, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of February, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Adolph Rodenbeck,* for the appellant.

*Arthur Warren,* for the respondent.

Davy, J. :

It appears from the evidence in this case that in April, 1890, the respondent leased thirty-five acres of land located on Thomas creek, in the town of Brighton, for three years at an annual rent of $300, and he brings this action against the city of Rochester to recover damages for creating a nuisance caused by the discharge of sewage from two of its outlet sewers that empty into said creek, which is a natural watercourse flowing from the city of Rochester through the plaintiff's premises and emptying into Irondequoit bay.

The case was tried before a jury in the Monroe County Court and a verdict was rendered in favor of the plaintiff for $312. This appeal is taken from the judgment entered upon the verdict of the jury and also from the order denying the defendant's motion for a new trial. The learned judge who presided at the trial charged the jury that unless there was an express agreement

between the landlord and the tenant that the landlord was to retain the right to sue and recover the damages to the premises, the tenant would be entitled to recover all the damages caused by the pollution of the stream and that the measure of damages was the difference in value of the plaintiff's right to use, occupy and enjoy the property with the nuisance and without it, which was excepted to by the defendant's counsel. This exception, we think, was well taken. Where a nuisance affects the enjoyment and occupancy of realty the measure of damages is usually the loss of rents or the depreciation in the rental value. Cases may arise where loss of profits resulting from an interference with one's lawful business, or loss of crops, may be regarded as elements of damage, and where the injuries permanently affect the realty the measure of damages is the difference between what the property would have sold for before and after the injury by the nuisance. In this case, however, the nuisance complained of was the odor arising from the polluted stream, which the plaintiff contends was so offensive that it interfered with his enjoyment of the property. So, that if the plaintiff was entitled to recover all the damages occasioned by the nuisance the measure of damages must be based upon the depreciation of the rental value of the premises. But to hold, in the absence of an express agreement, that the plaintiff under all circumstances was entitled to all the damages arising from the nuisance during the period that he occupied the premises, might, in many cases, work great injustice to the landlord, especially if the plaintiff was informed of the nature and extent of the nuisance and its probable duration, and he took that into consideration and paid no more rent for the premises than they were actually worth with the stream polluted. The plaintiff, under such circumstances, could not, it seems to me, successfully contend that he had sustained any damages unless the nuisance in some way was increased during his tenancy. If the landlord did not receive as much rent for the premises on account of the nuisance the loss fell upon him and not upon the plaintiff.

We think that these were proper questions for the consideration of the jury in estimating the plaintiff's damages.

In the case of *Kernochan* v. *N. Y. E. R. R. Co.* (128 N. Y. 566) Judge ANDREWS, in discussing this question, lays down the

rule very clearly as to the right of the tenant to recover damages for the diminished rental value of premises incumbered by a nuisance at the time the lease was made. He says, "It is a fundamental proposition that only the party injured by the wrongful act can maintain an action for damages. There may be difficulty in some cases in ascertaining the proper party. The same wrong may occasion injury to several persons or to separate and distinct interests in the same property ; but he only is entitled to maintain an action who can show that his right has been invaded, and to such a person or persons only is the wrongdoer bound to make compensation."

"In determining," he says, "whether the lessee acquired by his lease the right to recover damages inflicted upon the property by the road during the term, the situation at the time the lease was executed, the terms of the instrument and the intention of the parties thereto are to be considered."

The agent of the landlord testified that before the plaintiff leased the premises he had two or three interviews with him, in which the condition of the creek was spoken of, and that he informed the plaintiff that the owner had filed a claim against the city for damages. He also testified that the premises were leased to the plaintiff for one-half of their normal rental value on account of the polluted stream. The natural inference to be drawn from this testimony is, that the plaintiff knew of the existence of the nuisance at the time he leased the premises, and if he had made proper inquiry, as a prudent man should have done under the circumstances, he would have ascertained that the stream had been polluted by the city's sewage for many years, and that it had been declared a public nuisance by the courts, and that the city was powerless to abate it until the east side trunk sewer was completed, which was then in process of construction, and was not finished for more than three years after the lease was made.

These facts would not justify us in reaching the conclusion that the owner of the premises demanded the same amount of rent that he would have exacted if the stream had not been polluted. Neither would it be fair to presume that the plaintiff did not take into consideration the effect the nuisance would have upon the use and enjoyment of the property. It would be contrary to reason

and common sense to hold that he paid as much rent for the premises with the nuisance as he would have paid without it.   To hold that the plaintiff, after having obtained a reduction of the rent on account of the nuisance, is entitled to all the damages that accrued to the premises during his term because there was no express agreement that the landlord should have them, would be contrary to equity and the presumed intent of the parties when they made the lease.

The judgment and order of the County Court, therefore, should be reversed and a new trial ordered, with costs to abide the event.

LEWIS and BRADLEY, JJ., concurred; WARD, J., not voting.

Judgment and order reversed and new trial granted, costs to abide the event.